UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:03cr264(AHN) |
| V. | : | |
| JORGE ORLANDO ARDILA | : | November 8, 2004 |

## MOTION FOR BRADY MATERIAL AND MEMORANDUM IN SUPPORT

The Defendant JORGE ORLANDO ARDILA, respectfully moves this Honorable Court for an Order directing the U. S. Government to disclose all material, of any kind whatsoever, which is favorable to the defendant or which is exculpatory, as well as all materials which can be used to impeach or discredit government witnesses on the issue of guilt or punishment. This motion is made pursuant to the holding of the Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and paragraph (11) of this Court's Standing Order on Discovery.

Respectfully submitted,

JORGE ORLANDO ARDILA

By_____
    Francis L. O'Reilly,
    87 Ruane Street
    Fairfield, CT 06430
    PH#203-319-0707
    Fed. Bar No.: CT17505

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:03cr264(AHN) |
| V. | : | |
| JORGE ORLANDO ARDILA | : | November 8, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR BRADY MATERIAL

The defendant, by and through counsel, hereby submits this memorandum of law in support of his motion of Brady disclosure.

Paragraph (11) of this Court's Standing Order on Discovery mandates that the government disclose all information known to the government which may be favorable to the defendant on the issues of guilty or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Supreme Court held that suppression of evidence favorable to the defense by the prosecution is a denial of substantive and procedural due process where such suppressed evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution. 373 U.S. 83, 86-88. In United States v. Agurs, 472 U.S. 93 (1976), the Supreme Court held that a prosecutor violate the constitutional duty of disclosure where the omission is sufficiently significant so as to result in the denial of the defendant's right to a fair trial. 427 U.S. 93, 107-109. While the mere possibility that an item of undisclosed information might have aided the defense,

or might have affected the outcome of the trial, it does not establish "materiality" in the constitutional sense, (427 U.S. 93, 109-110), nor is the prosecutor's constitutional duty of disclosure measured by his moral culpability or willfulness; if the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor. Id. The proper standard of materiality of undisclosed evidence is that if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist, constitutional error has been committed. Agurs. 427 U.S. 93, 112-114.

    While the government has acknowledged an ongoing duty to disclose all Brady material in an effort to assure the fundamental fairness and constitutionality of these proceedings, it is requested that this Court issue an Order to the government directing it to comply with its Brady obligations sufficiently in advance of trial so as to allow the defendant to adequately investigate, respond to and prepare for the same.

    Respectfully submitted,

    JORGE ORLANDO ARDILA

    By_____
        Francis L. O'Reilly,
        87 Ruane Street
        Fairfield, CT 06430
        PH#203-319-0707
        Fed. Bar No.: CT17505

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage paid, this date to the following:

Stephen Reynolds, Esq.
United States Attorney's Office
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06601

By: _____
     Francis L. O'Reilly