UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:03cr264(AHN) |
| V. | : | |
| JORGE ORLANDO ARDILA | : | November 8, 2004 |

## MOTION FOR GIGLO MATERIAL AND MEMORANDUM IN SUPPORT

The Defendant JORGE ORLANDO ARDILA, respectfully moves this Honorable Court for an Order directing the U. S. Government to disclose all material required under the holding of the Supreme Court in <u>Giglio v. United States</u>, 405 U.S. 150 (1972). This request includes, but is not limited to the following:

1) a complete up-to-date record of all criminal convictions of all actual/potential government witnesses, including arrest and conviction records from the U.S. Department of Justice, Connecticut and/or New York State, territory or foreign country;

2) a complete and up-to-date statement of all arrest where information or actual/potential government witnesses were apprehended but not convicted, including the jurisdiction and the government authorities involved;

3) a complete and up-to-date statement of all arrest where information or actual/potential government witnesses where there was no

    apprehension or arrest, including the dates, times, and locations of the same;

4)  a complete list of all "bad acts" allegedly committed by the actual /potential government witnesses, their families or friends, involving the following subject matter(s), or in exchange for which the actual/potential government witnesses, their families or friends received the following:

  a)  money or other valuable items;

  b)  drugs or controlled substances;

  c)  immunity from prosecution;

  d)  favorable dispositions of criminal or civil cases or investigation;

  e)  promises of protection, including but not limited to, enrollment in the so-called Witness Protection Program;

  f)  a new identity;

  g)  a promise not to seize property, or to return any property seized;

  h)  an agreement not to proceed with the forfeiture of seized property;

  i)  promises of incarceration at a particular prison facility or system;

  j)  an agreement to not reveal matters concerning an actual/potential government witness to any particular person(s);

        k)    a promise of help or favorable recommendation to probation or parole authorities;

5)    a listing of the specific services the informants or actual/potential government agreed to provide to the government;

6)    a listing of any and all intervention by law enforcement agents, prosecutors, or any other government agent on behalf of an actual/potential government witness in this case;

7)    disclosure of all files, confidential or otherwise, relating to any actual/potential government witness regarding the Internal Revenue Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, and Firearms, the Postal Inspection Service, or any other federal, state, or local police agency or organized task force;

8)    any and all evidence of perjury or false, incomplete or inconsistent statements made by any actual/potential government witness in this case;

9)    any and all evidence of the substance abuse, metal illness or emotional disturbance of any actual/potential government witness(es), and all treatment for the same received by such witness(es);

10)  a complete description of the negotiations between any informant, actual/potential government witness, or the families and/or friends of the same, in connection with this case.

The above material is requested pursuant to the holding of the Supreme Court in <u>Giglio v. United States</u>, 405 U.S. 150 (1972). <u>United State v. Badgely</u>, 473 U.S. 667 (1985), and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

Counsel for the defendant certifies that he has been in contact with counsel for the Government seeking the information sought herein and the same has yet to be provided.

Respectfully submitted,

JORGE ORLANDO ARDILA

By_____
        Francis L. O'Reilly,
        87 Ruane Street
        Fairfield, CT 06430
        PH#203-319-0707
        Fed. Bar No.: CT17505

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:03cr264(AHN) |
| V. | : | |
| JORGE ORLANDO ARDILA | : | November 8, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR GIGLO MATERIAL

This memorandum of law is submitted in support of the Defendant's request for various items of Giglio material. This material is requested pursuant to the holding of the Supreme Court in Giglio v. United States, 405 U.S. 150 (1972). United State v. Badgely, 473 U.S. 667 (1985), and Napue v. Illinois, 360 U.S. 264 (1959), as well as paragraph (10) of this Court's Standing Order on Discovery.

In Giglio, the Supreme Court held that a prosecutor's failure to disclose a promise of leniency made to a co-conspirator of the defendant in exchange fore his testimony against the defendant warranted reversal of the defendant's conviction and the granting of a new trial. In so ruling, the Court cited Napue, *supra*, as well as Brady v. Maryland, 373 U.S. at 87, when stating that "suppression of material evidence justifies a new trial "irrespective of the good faith or bad faith of the Prosecution [cites omitted] … When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." Id., 405 U.S. 150 at --.

Under paragraph (10) of this Court Standing Order on Discovery, disclosure of all <u>Giglio</u> and <u>Napue</u> material is mandatory well in advance of trial.

WHEREFORE, the defendant request that this court order disclosure of the material requested herein.

Respectfully submitted,

JORGE ORLANDO ARDILA

By_____
Francis L. O'Reilly,
87 Ruane Street
Fairfield, CT 06430
PH#203-319-0707
Fed. Bar No.: CT17505

## **CERTIFICATION**

  This is to certify that a copy of the foregoing was mailed, postage paid, this date to the following:


Stephen Reynolds, Esq.
United States Attorney's Office
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06601




              By: _____
                Francis L. O'Reilly