UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      Criminal No. 3:03CR264(AHN)

v.

JORGE ORLANDO ARDILA     NOVEMBER 19, 2004

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1. Do you, a member of your family, or a close friend know the prosecutors in this case, Alex Hernandez or Steve Reynolds?

2. The following attorneys, in addition to Mr. Hernandez and Mr. Reynolds, are federal prosecutors in the U.S. Attorney's office for the District of Connecticut:

| **New Haven Office** | **Hartford Office** |
|---|---|
| Jonathan Biran | Ronald S. Apter |
| William M. Brown, Jr. | William A. Collier |
| Patrick F. Caruso | Thomas V. Daily |
| Edward Chang | John A. Danaher III |
| John H. Durham | Nora R. Dannehy |
| James I. Glasser | Anastasia M. Enos |
| Eric J. Glover | James G. Genco |
| Sandra S. Glover | Carolyn A. Ikari |
| Michael J. Gustafson | Brian P. Leaming |
| H. Gordon Hall | Raymond F. Miller |
| John B. Hughes | Lisa E. Perkins |
| Peter S. Jongbloed | Deborah R. Slater |
| Maria A. Kahn | Geoffrey Michael Stone |
| Anthony E. Kaplan | David Vatti |
| Keith A. King | |
| Henry K. Kopel | **Bridgeport Office** |
| Calvin B. Kurimai | Robert M. Appleton |
| Peter D. Markle | James K. Filan, Jr. |
| John A. Marrella | James J. Finnerty |
| Michael S. McGarry | Brenda M. Green |
| Richard M. Molot | Alina P. Marquez |
| Douglas P. Morabito | Ann M. Nevins |
| William J. Nardini | Christopher W. Schmeisser |

| | |
|---|---|
| Kevin J. O'Connor | Brian E. Spears |
| **New Haven Office (continued)** | **New Haven Office (continued)** |
| Krishna R. Patel | David J. Sheldon |
| Karen L. Peck | Alan M. Soloway |
| David A. Ring | Robert M. Spector |
| Mark D. Rubino | David X. Sullivan |
| Michael E. Runowicz | Julie G. Turbert |
| Christine L. Sciarrino | |

Does anyone know any of these individuals or any other employee of the Connecticut U.S. Attorney's Office professionally or socially?

3. Do you know the defendant, Jorge Orlando Ardila (a/k/a "Angel Rivera," a/k/a "Omar Gonzalez," a/k/a "Cesar Tulio Zuniga-Pacheco," a/k/a "Jorge Builis," a/k/a "The Old Man," a/k/a "Omar," a/k/a "el Viejo") or his attorney, Frank O'Reilly, professionally or personally?

4. Do you know any of the following Special Agents of the Federal Bureau of Investigation's Bridgeport Violent Crimes Safe Streets Task Force ("FBI"): Special Agent David Dillon and Special Agent Jon Hosney?

5. Have any of you ever been employed by the Federal Bureau of Investigation, the Drug Enforcement Administration, or the Bridgeport Police Department, know anyone employed there, or had any contact with those agencies in a personal or professional capacity?

6. In this case, the defendant is charged, beginning in 1996, with conspiring to possess with intent to distribute kilogram quantities of heroin and cocaine, as well as possession with intent to distribute heroin. Is there anything about the nature of these charges that would make it difficult for you to sit as an impartial juror in this case?

7. Has anyone read, seen or heard any news accounts regarding this prosecution? If so, have you formed an opinion to a degree that you could not be a fair and impartial juror and

deliberate solely on the evidence presented at trial?

8. Does anyone know, or has anyone read, seen or heard any information about the following potential witnesses in this case: William Acevedo, Frank Estrada, Luis Estrada, Edwin Gonzalez and Juan Rosario?

9. Have you, any member of your family, or a close friend ever been charged with, convicted of, or investigated concerning a criminal offense, either local, state or federal, other than minor traffic violations?

10. Is a criminal case, not including minor traffic violations, currently pending against you, any member of your family, or a close friend?

11. Have you, any member of your family, or a close friend ever been involved in any civil suit or case involving the United States Government?

12. Do you have any impression, opinion or belief for any reason toward any local, state, or federal law enforcement officers or the United States Department of Justice that would cause you to be prejudiced in favor or against the government?

13. The Government is required to prove its case beyond a reasonable doubt. Do you understand that the presumption that a defendant is innocent vanishes when the Government proves its case beyond a reasonable doubt?

14. If the Government proves its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically why you could not go into the jury room and convict a defendant?

15. The law requires that you base your verdict on the facts as you find them to be

from the evidence. The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear, or hostility. Do you feel that you are a person who cannot put these emotions out of your mind when deliberating on a verdict? Would any of you let sympathy or some other consideration beyond the charges in this case interfere with your deliberations and verdict?

16. Would you be able to follow the Court's instructions on the law in this case even if you thought the law should be interpreted differently?

17. If you disagree with the law or the instructions of the Court, would you still be able to follow them and be impartial?

18. Your duty, as jurors, is to judge guilt or innocence based on the evidence. It is the judge's duty to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are other factors that have nothing to do with this trial that will determine the lenience or harshness of a sentence. Would you nevertheless let the issue of punishment interfere with your deliberations?

19. Do you feel that, upon listening to the evidence, you could render a verdict which is completely fair to both the defendant and the Government?

20. Are any of your immediate relatives or close friends lawyers or law students?

21. Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

22. The evidence in this case may include certain audio recordings. Does anyone have any significant difficulty with their hearing?

23. Does anyone have _any_ difficulty reading or understanding the English language?

24. Do you understand that movies or television programs related to law enforcement such as "CSI" or "Law & Order" are fictional and that there is no legal requirement that the government use any specific investigative techniques to prove its case? Would you be able to follow an instruction from the Court that law enforcement techniques are not your concern and that your duty is to determine whether, based on the evidence, the defendant's guilt has been proved beyond a reasonable doubt?

25. Do you understand that the law requires you to base your verdict on the facts as you find them from the evidence presented in this courtroom? Could you follow the Court's instruction that anything you may have seen or heard outside the courtroom or while the court is not in session is not evidence and must be disregarded? Do you understand that you are to decide the case solely on the evidence received at trial?

26. A portion of the evidence in this case will be tape recordings made where one or more of the participants in the conversation knew the conversation was being taped. You may also hear testimony of accomplices, that is, persons who are alleged to have participated in the crimes charged. You may also hear evidence from informants who will testify that they collected evidence for the government. The use by the government of each of these procedures is lawful and the jury should consider such evidence along with the other evidence in the case, giving it as much or as little weight as it thinks it deserves. Do you have any personal feelings or opinions that might influence your verdict, with respect to the use of:

      (a) consensually recorded conversations as evidence?;

      (b) an informant's testimony?; or

      (c) an accomplice's testimony?

27. Do any of you believe that the drug laws of the United States are too restrictive or even perhaps unconstitutional?

28. Have you or any family members or any close friends known someone or been affected by someone who had a drug abuse problem?

29. Have you or any family members or close friends been a victim or known a victim of a drug-related crime?

30. Is there anything not covered by the parties or the Court that you believe could affect your ability to be a fair and impartial juror in this case?

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

_____

        ALEX V. HERNANDEZ
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NUMBER ct08345

        STEPHEN B. REYNOLDS
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. CT19105
        UNITED STATES ATTORNEY'S OFFICE
        915 LAFAYETTE BOULEVARD
        BRIDGEPORT, CT 06604
        (203) 696-3000
        (203) 579-5575 (fax)
        Stephen.Reynolds@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was forwarded by mail this 19th day of November 2004 to:

Francis L. O'Reilly, Esq.
87 Ruane Street
Fairfield, CT  06430

_____
STEPHEN B. REYNOLDS
ASSISTANT U.S. ATTORNEY