# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 3:03cr264(AHN)** |
| **V.** | : | |
| **JORGE ORLANDO ARDILA** | : | **November 8, 2004** |

## DEFENDANT'S PRE- TRIAL MEMORANDUM

The defendant respectfully submits this pre-trial memorandum in response to the Court's Order dated                    .

      1.      **SCHEDULING**

The Court has already provided a scheduling order.


      2.      **JURY SELECTION**

The Defendant submits the following proposed voir dire questions:


      a.      The following persons are affiliates of my firm O'Reilly & Shaw, LLC in Fairfield, CT :

- Jane Ford Shaw, Esq.
- Donna Henry, PI

Do any of you know any of these individuals professionally or socially?

      b.      Does anyone know the defendant in this case?

c.      Defendant is of Hispanic descent. Do you have any biases or prejudices against people of Hispanic descent?

d.      How do you feel about immigrants?

e.      Does anyone think we have a problem with immigrants? How serious is that problem? What should be done about it?

f.      Was anyone born in another country? Where? How long have you been here?

g.      How many of you here encounter Hispanic people in their or your jobs? What has your experience been with them?

h.      How many people here have Hispanic friends? Close friends?

i.      Has anyone here ever heard any stereotypes about Hispanics? What kind? What do you think of the stereotypes? In your experience are those stereotypes true?

j.      Some think that people who come to this country have an obligation to learn and speak English…. What do you think of that?

k.      How do you feel when you drive around and see Spanish signs on stores?

l.      Do all of you understand that law enforcement officers testify on a regular basis and may be more polished? What impression does that give you?

m.      Does any member of the panel have any special training or expertise in law enforcement matter such as investigation?

n.      Do you have any relatives or friends who are connected with law enforcement; a district attorney's office; the United States Attorney's Office; and law enforcement or other quais-law enforcement agency?

o.    Have you ever been a police officer or military police officer or worker in a security filed either for the state or national government or for private industry?

p.    Have any of you ever sat as a juror in a civil case? If so when? Where? How often?

q.    Have any of you ever sat as a juror in a criminal case? If so when? Where? How often? Did you reach a verdict? What was the verdict?

r.    Have any of you served on a jury in a narcotics case? If so when? Where? What was the Verdict?

s.    Is there anything about the nature of a narcotics charge that would make it difficult for you to be fair and impartial as a judge of the facts?

t.    Have any of you ever served on a federal or state grand jury? If so when? Where? How often?

u.    Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

v.    Have any of you, any members of you immediate family, or friends know anyone who used or was addicted to drugs? If so, please state who? What is their relationship to you? Would that affect your judgment in this case?

w.    What feelings do you have about drugs, in particular cocaine?  Would these feeling affect your judgment in this case?

x.    As the court shows the jurors the indictment, do you understand that an indictment is only a piece of paper which notifies the defendant that he is being charged with a crime?

y.      Do you understand that an indictment is not evidence that the crime charged was committed and may not be considered as evidence by you in deliberations?

z.      Do you understand that the defendant entered a plea of not guilty and is innocent until proven guilty otherwise?

aa.      Do you have any difficulty presuming the defendant innocent now?

bb.      Do you understand that the government is required by law to prove the defendant guilty beyond a reasonable doubt?

cc.      If the government fails to meet that burden, do you understand that you must find the defendant not guilty?

dd.      Do you realize that the burden of proof is greater for a criminal case that for a civil case?

ee.      Do you understand that the defendant does not have to testify at trial and nothing can be inferred from him not testifying?

ff.      In a criminal case, a defendant is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution. Do you understand this?

gg.      Do you realize that you are the sole and exclusive judge of the fact and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

hh.      Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

ii.      Would the fact that you were in the minority influence your vote at all?

jj.    Have any of you at this time formed any opinion about the guilt or innocence of Mr. Contreras? That would require evidence to remove such opinion?

kk.    Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is your duty to disclose this.

ll.    In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness conduct in the witness stand, the ability and opportunity to observe, any bias or prejudice, and the probability or improbability of the testimony?

mm.    Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government? Would you give their testimony greater weight or credibility over that of Mr. Contreras, or witnesses on his behalf?

nn.    Do we have you assurance that you will not allow your personal feeling about attorneys to affect your judgment about the innocence or guilty of Mr. Contreras?

3.    **STIPULATION OF FACT**

There are no stipulations of fact at time.

4.    **WITNESSES**

5.    **EXHIBITS**

All Exhibits the Defendant will seek to introduce will be disclosed to the

Government and pre-marked for trial.

6.    **JURY INSTRUCTIONS**

Jury Instruction will be submitted in accordance to the Court's scheduling

introduction

7.    **VERDICT FORM**

A verdict form will be submitted according to the Court Scheduling order.

Respectfully submitted,

JORGE ORLANDO ARDILA

By_____
          Francis L. O'Reilly,
          87 Ruane Street
          Fairfield, CT 06430
          PH#203-319-0707
          Fed. Bar No.: CT17505

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage paid, this date to the following:


Stephen Reynolds, Esq.
United States Attorney's Office
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06601


By: _____
          Francis L. O'Reilly