```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA       :
                               :
                               :
     v.                        :    CRIMINAL NO.: 3:03CR264(AHN)
                               :
                               :
JORGE ORLANDO ARDILA           :    November 29, 2004
```

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S
MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION ABOUT THE
RELIGIOUS BELIEFS AND PRACTICES OF FRANK ESTRADA**

This memorandum is submitted in support of the government's motion to preclude counsel for defendant Ardila from questioning cooperating witness Frank Estrada about his religious beliefs and practices, and to preclude counsel from questioning the government's cooperating witnesses about Estrada's beliefs.  The government has disclosed to counsel for the defendant that Mr. Estrada was at one time an adherent of "Santeria", a syncretic religion based upon the beliefs and practices of animist, West African religions and the worship of Roman Catholic saints.  See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 525 (1993).

Counsel for the defendant has represented that he may wish to inquire about the witness's beliefs at trial in order to discredit his testimony.  In the government's view, it would be wholly improper for the district court to permit cross-

examination of the witness about his religious beliefs and practices.

The decision of a district court limiting cross-examination will be upheld on appeal unless the ruling can be shown to have been arbitrary or irrational.  United States v. Dhinsa, 243 F.3d 635, 649 (2d Cir.), cert. denied, 543 U.S. 897 (2001).

It is well-settled that "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."  Fed. R. Evid. 610; Malek v. FDIC, 994 F.2d 49, 54 (2d Cir. 1993) (where "apparent from these questions that defense counsel attempted to show that Schneck's character for truthfulness was affected by his religious beliefs and that such questioning may have prejudiced the Maleks, the district court erred in permitting the defendants to pursue this line of questioning"); cf. United States v. Kalaydjian, 784 F.2d 53, 57 (2d Cir.1986) (affirming district court's decision precluding cross-examination about witness's reasons for not swearing on the Koran before testifying).

Assuming, for the sake of argument, that cross-examination about this subject were somehow relevant, under Rule 403 of the Federal Rules of Evidence, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury." Fed. R. Evid. 403. A district court has "broad discretion" to admit or exclude evidence under Rule 403, and this discretion is subject to reversal "'only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.'" United States v. Yousef, 327 F.3d 56, 121 (2d Cir. 2003) (quoting United States v. Salameh, 152 F.3d 88, 110 (2d Cir. 1998)).

In the government's view, allowing counsel to cross-examine Estrada about his religious views and practices may tend to inflame the jury. Thus, the probative value, if any, of this evidence would not substantially outweigh the volatile and prejudicial impact of this evidence.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant the government's motion in limine.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345

STEPHEN REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT19105

<u>CERTIFICATE OF SERVICE</u>

  This is to certify that on November 29, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

  Francis O'Reilly, Esq.
  O'Reilly and Shaw
  2 Sherman Court
  Fairfield, CT 06430

             _____
             Alex Hernandez

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 3:03CR264(AHN) |
| | : | |
| JORGE ORLANDO ARDILA | : | November 29, 2004 |

### MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION ABOUT THE RELIGIOUS BELIEFS AND PRACTICES OF FRANK ESTRADA

The government hereby moves the district court to preclude counsel for defendant Ardila from questioning cooperating witness Frank Estrada and other government witnesses about the religious beliefs and practices of Frank Estrada.

The arguments and legal authority in support of the government's motion are set forth in the memorandum of law submitted herewith.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345


STEPHEN REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT19105

CERTIFICATE OF SERVICE

This is to certify that on November 29, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

Francis O'Reilly, Esq.
O'Reilly and Shaw
2 Sherman Court
Fairfield, CT 06430

_____
Alex Hernandez

2