UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO.: 3:03CR264(AHN) |
| | : |
| JORGE ORLANDO ARDILA | : December 6, 2004 |

## MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION ABOUT THE CIRCUMSTANCES SURROUNDING THE PRIOR BAD ACTS OF COOPERATING WITNESS EDDIE LAWHORN

This memorandum is submitted in support of the government's motion to preclude counsel for defendant Ardila from questioning cooperating witness Eddie Lawhorn about the circumstances surrounding his participation in prior bad acts.

**Background**

The government has disclosed to counsel for the defendant that Mr. Lawhorn was involved in an incident in which his firearm was used by another person to commit a murder. After Eddie Lawhorn and other members of the Estrada drug trafficking organization were arrested, this incident became the subject of an investigation by the FBI. As a consequence, the FBI questioned cooperating witnesses Frank Estrada and Eddie Lawhorn about the incident. They recalled the incident and what Eddie Lawhorn said about the incident differently. As a consequence, Lawhorn and Estrada who were then housed in the same pretrial detention facility, discussed the matter briefly. In substance, Estrada told Lawhorn that he had to get his story straight. Estrada later explained and Lawhorn understood, that Estrada was directing Lawhorn to

tell the truth to the investigators. This encounter has also been disclosed to counsel for the defendant.

By the instant motion and memorandum, the government seeks to limit questioning about this exchange. The government intends to eillicit from Lawhorn and Estrada that the two discussed, "an issue" concerning an unspecified "incident" which occurred a number of years before their arrests. The government seeks an order of the Court precluding counsel for the defendant from illiciting from either witness the fact that the incident arose from a shooting by another person who employed Lawhorn's firearm.

It is anticipated that when Mr. Lawhorn testifies, he may be subjected to cross-examination about, among other things, the fact that: (1) he has a number of felony convictions; (2) the United States has previously filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3553 and Guidelines Section 5K1.1; (3) he was a trusted, high-ranking leader within a sprawling heroin, cocaine, and crack cocaine distribution enterprise; and (4) that the United States will submit an application to the Bureau of Prisons and the United States Marshals Service to determine if he may be admitted into the witness protection programs of each of those agencies.

**<u>Legal Standard</u>**

The decision of a district court limiting cross-examination will be upheld on appeal unless the ruling can be shown to have been arbitrary or irrational. *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.), *cert. denied*, 543 U.S. 897 (2001).

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." U.S. Const. Amend. VI. "The Confrontation Clause guarantees the defendant in a criminal

case the right to cross-examine the witnesses against her." *United States v. Laljie*, 184 F.3d 180, 192 (2d Cir. 1999). But "[w]hat the Clause guarantees is 'not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish,' but rather 'an opportunity for effective cross-examination.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (citations omitted)).

Accordingly, "[t]he trial court has wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002), *cert. denied*, 123 S.Ct. 37 (2002)("Murder generally is not a crime of dishonesty . . ."). "'[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *United States v. Crowley*, 318 F.3d 401, 418 (2d Cir. 2003) (quoting *Van Arsdall*, 475 U.S. at 679).

Even where a trial court exceeds its broad discretion, "reversal is not required if 'the jury was already in possession of sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government.'" *Flaharty*, 295 F.3d at 191 (quoting *United States v. Tillem*, 906 F.2d 814, 827- 28 (2d Cir. 1990)). That is because "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." *Van Arsdall*, 475 U.S. at 681.

Moreover, a violation of the Confrontation Clause is subject to harmless-error analysis. *See Van Ardsdall*, 475 U.S. at 684; *Cotto v. Herbert*, 331 F.3d 217, 253 (2d Cir. 2003). "An error committed at trial will be considered harmless if it appears 'beyond a reasonable doubt that

the error complained of did not contribute to the verdict obtained.'" *United States v. Soto*, 959 F.2d 1181, 1184 (2d Cir. 1992) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967) (overruled on other grounds by *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991)).

**Discussion**

In the government's view, it would not be proper for counsel to cross-examine the witnesses about the circumstances of the shooting which formed the basis of Estrada and Lawhorn's conversation about the incident. The fact that the underlying incident was in fact a murder is of no further probative value than the fact that they had an unauthorized communication while acting as cooperating witnesses. Further, the witness's other specific instances of prior bad acts, such as acts of violence, unless they are addressed in the government's direct examination, should likewise be precluded as subjects of cross-examination.

Assuming, for the sake of argument, that cross-examination about the subjects referenced above were somehow relevant, under Rule 403 of the Federal Rules of Evidence, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. A district court has "broad discretion" to admit or exclude evidence under Rule 403, and this discretion is subject to reversal "'only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.'" *United States v. Yousef*, 327 F.3d 56, 121 (2d Cir. 2003) (quoting *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998)).

In the government's view, allowing counsel to cross-examine Lawhorn and/or Estrada about details of that murder may tend to inflame the jury and distract them from the issue of guilt in this case. Further, the fact that the underlying incident involved a murder is of no greater

probative value than the fact of their communication. As the *Flaharty* court observed, murder is not ordinarily a crime of dishonesty. *Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002). Embarking on this line of inquiry may require the government to go further and further afield in offering corroborating evidence to support the witness's version of events which bear no relevance either to the question of his credibility or to the issue of guilt in this case.

Finally, Lawhorn's participation in other specific instances of prior bad acts such other acts of violence will only confuse and mislead the jury. In short, the probative value, if any, of the foregoing evidence would not substantially outweigh the volatile and prejudicial impact of the evidence and should be precluded by the Court.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant the government's motion in limine.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345

STEPHEN REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT19105

CERTIFICATE OF SERVICE

This is to certify that on December 5, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

Francis O'Reilly, Esq.
O'Reilly and Shaw
2 Sherman Court
Fairfield, CT 06430

Alex Hernandez