UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :
                                :
                                :
        v.                      :        CRIMINAL NO.: 3:03CR264(AHN)
                                :
                                :
JORGE ORLANDO ARDILA            :        December 6, 2004

### MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION REGARDING THE NATURE OF THE CRIMINAL CONVICTIONS OF THE GOVERNMENT'S WITNESSES

This memorandum is submitted in support of the government's motion to preclude

counsel for defendant Ardila from questioning the government's cooperating witnesses regarding

the nature of their prior criminal convictions and the facts underlying those convictions.  The

government has disclosed to counsel for the defendant the criminal records of its various

cooperating witnesses.  It is anticipated that in addition to being cross-examined about their

criminal records, some of the government's cooperating witnesses will be cross-examined about

the fact that they have previously received motions for downward departure from the government

pursuant to U.S.S.G. § 5K1.1, are hoping to receive such a motion, have received payments for

relocation expenses from the FBI, or that the United States has agreed to have them evaluated for

the witness protection program.  Thus, counsel will have ample opportunity to cross-examine the

government's witnesses about their bias and credibility.

As set forth below, the government respectfully moves the Court for an order precluding counsel for the defendant from mentioning the nature of the witnesses' prior criminal convictions, and from cross-examining them about the facts underlying those convictions.

**Legal Authority**

The decision of a district court limiting cross-examination will be upheld on appeal unless the ruling can be shown to have been arbitrary or irrational. *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.), *cert. denied*, 543 U.S. 897 (2001).

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." U.S. Const. Amend. VI. "The Confrontation Clause guarantees the defendant in a criminal case the right to cross-examine the witnesses against her." *United States v. Laljie*, 184 F.3d 180, 192 (2d Cir. 1999). But "[w]hat the Clause guarantees is 'not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish,' but rather 'an opportunity for effective cross-examination.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (citations omitted)).

Accordingly, "[t]he trial court has wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002), *cert. denied*, 123 S.Ct. 37 (2002)("Murder generally is not a crime of dishonesty . . ."). "'[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only

2

marginally relevant.'" *United States v. Crowley*, 318 F.3d 401, 418 (2d Cir. 2003) (quoting *Van Arsdall*, 475 U.S. at 679).

Even where a trial court exceeds its broad discretion, "reversal is not required if 'the jury was already in possession of sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government.'" *Flaharty*, 295 F.3d at 191 (quoting *United States v. Tillem*, 906 F.2d 814, 827- 28 (2d Cir. 1990)). That is because "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." *Van Arsdall*, 475 U.S. at 681.

Moreover, a violation of the Confrontation Clause is subject to harmless-error analysis. *See Van Ardsall*, 475 U.S. at 684; *Cotto v. Herbert*, 331 F.3d 217, 253 (2d Cir. 2003). "An error committed at trial will be considered harmless if it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *United States v. Soto*, 959 F.2d 1181, 1184 (2d Cir. 1992) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967) (overruled on other grounds by *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991)).

Ordinarily, counsel may elicit the fact that a witness has previously been convicted of a felony offense. Unless a particular conviction involves dishonesty, the nature of the prior conviction is generally not relevant to the jury's assessment of the witnesses' credibility. As the Court observed in *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002), *cert. denied*, 123 S.Ct. 37 (2002), "Murder generally is not a crime of dishonesty . . ." Thus, the nature of an underlying felony criminal conviction is not relevant in assessing the witness's capacity for veracity.

**The Federal Rules of Evidence**

Rule 609 of the Federal Rules of Evidence governs the impeachment of witnesses by evidence that they have been convicted of a crime and provides as follows.

a) General rule. For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a); *see also United States v. Hawley*, 554 F.2d 50, 52 & n. 4 (2d Cir. 1977) (discussing rule). "This rule gives broad discretion to the trial judge and its exercise should not be disturbed absent a clear showing of abuse." *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977); *see also United States v. Crowley*, 318 F.3d 401, 416 (2d Cir. 2003) (noting district court's "broad discretion to control cross-examination").

Rule 609(a)(2) provides that if a crime involves dishonesty or deceit, then the nature of such an offense, even if it is a misdemeanor, is always admissible. As made clear in the legislative history, such crimes are narrowly defined:

[T]he Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness or falsification bearing on the accused's propensity to testify truthfully.

*United States v. Medical Therapy Sciences, Inc.*, 583 F.2d 36, 40 n.3 (2d Cir. 1977) (quoting H.R. Rep. No. 93-1597, 93d Cong., 2d Sess. 9 (1974)). "Congress intended Rule 609(a)(2) to

4

apply only to those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification." *United States v. Blacken*, 969 F.2d 827, 830 (9th Cir. 1992) (in banc).

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. A district court has "broad discretion" to admit or exclude evidence under Rule 403, and this discretion is subject to reversal "'only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.'" *United States v. Yousef*, 327 F.3d 56, 121 (2d Cir. 2003) (quoting *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998)).

### Discussion

The district court may properly restrict the defense from eliciting the nature of the prior felony convictions of its cooperating witnesses. Counsel for the defendant will no doubt seek to cross-examine the government's cooperating witnesses concerning the nature of their prior, non-*crimen falsi* felony convictions under Fed. R. Evid. 609(a)(1). A number of courts of appeals have interpreted Rule 609(a)(1) to allow introduction of the nature (*i.e.*, the statutory title of the offense) of a witness' prior felony conviction. *See United States v. Howell*, 285 F.3d 1263 (10th Cir. 2002); *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998) (collecting cases and holding "that Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions"); *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) (same).

5

Despite the foregoing, contrary authority, the Court of Appeals for the Second Circuit has held in *United States v. Flaharty*, 295 F.3d 182, 191, (2d Cir. 2002), that a district court may properly exclude evidence of a witness's participation in a crime of violence (murder) because the crime does not ordinarily involve falsity or intent to deceive. The holdings of other Circuits notwithstanding, in the government's view, the better, reasoned view is that a district court does not abuse its discretion when it declines to permit cross-examination under Rule 609(a)(1) concerning the nature of a witness's prior conviction.

"The starting point in every case involving construction of a statute is the language itself." *United States v. Nelson*, 277 F.3d 164, 186 (2d Cir.) (internal quotations and citation omitted), *cert. denied*, 537 U.S. 835 (2002). Here, the text of Rule 609(a)(1) does not compel a requirement that inquiry be permitted concerning the name of a witness's felony conviction. The rule simply provides that "evidence" of the prior felony conviction "shall be admitted, subject to Rule 403." Beyond mandating the admission of some "evidence" of the conviction, the text and corresponding Advisory Committee Notes stand silent about what particulars concerning a conviction shall be admitted. In the absence of legislative direction concerning precisely what "evidence" shall be admitted concerning a witness's conviction, and in light of the Second Circuit's holding in *Flaharty*, this Court should preclude counsel for the defendant from questioning the government's cooperating witnesses about the nature of their prior felony convictions.

Several reasons support an interpretation of Rule 609(a)(1) that does not require a district court to allow introduction of evidence concerning the nature of the witness's felony offense. First and most significantly, the specific nature of a non-*crimen falsi* offense does not advance

6

any legitimate purpose pertinent to a jury's evaluation of witness credibility. Provided that a conviction falls outside the limited scope of *crimen falsi* offenses that are independently admissible under Rule 609(a)(2), the nature of a qualifying conviction under Rule 609(a)(1) cannot be said to cast any significant light on whether the witness is telling the truth in court. No legitimate credibility distinction is to be drawn between different non-*crimen falsi* offenses – between the credibility of a witness convicted for drug dealing on the one hand, and the credibility of a witness convicted for rape on the other.

Once a jury, as in this case, is advised of the fact of each of the witnesses' convictions for felony offenses, of when the convictions occurred, and of what sentences the witness received, the district court may properly exercise its discretion and disallow counsel from eliciting the nature of the offense. The nature of the conviction may well be an object of the jury's curiosity. It may well impact the jury's evaluation of the witness's generally bad character. But it does not properly reflect on credibility.[1]

Here, counsel should bear the burden of demonstrating that any particular conviction of the government's witnesses reflects on witness credibility. The United States is prepared to listen -- on a witness by witness basis -- to any proffer by counsel as to why the nature of the witnesses' felony convictions are relevant to credibility. Further, the government is prepared to

---

[1]

    The government respectfully disagrees with the view of an Eleventh Circuit panel that "[e]vidence of a murder conviction says something far different about a witness' credibility than evidence of a conviction for a minor drug offense." *Burston*, 159 F.3d at 1335. The difference between two felony convictions bears on evaluation of general character, not capacity for telling the truth under oath. Moreover, in *Burston*, the trial court further limited cross-examination to prohibit introduction of the number of felony convictions, and no such limitation is sought here.

argue to the Court on a witness by witness basis as to whether counsel should be permitted to elicit the nature of the witness' felony conviction(s).

The negligible value derived from a description of the nature of a non-*crimen falsi* conviction should be balanced against the considerable risk for undue prejudice and confusion. Indeed, it is well established that Rule 609(a)(1) does not permit introduction of evidence concerning the underlying facts of the prior conviction (as distinct from its "nature" or statutory title). In Judge Posner's words, the opposing party may not "harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case." *Campbell*, 831 F.2d at 707; *see also United States v. Albers*, 93 F.3d 1469, 1479-80 (10th Cir. 1996) (noting "well-established rule prohibiting examination into the underlying facts of prior convictions"); *United States v. Gordon*, 780 F.2d 1165, 1176 (5th Cir. 1986) (rejecting defendant's claim that he was entitled to cross-examine government witness concerning facts of prior felony offenses).

Similar risks of confusion and distraction inevitably ensue when the jury is informed of the nature of a witness' prior conviction. The precise nature or requirements of many non-*crimen falsi* offenses will not be readily evident to a jury. Jurors are not versed on the elements of such offenses, much less distinctions between different degrees of offenses.

The structure of Rule 609 further supports an inference that Congress did not intend a general requirement that the jury be advised of the nature of a non-*crimen falsi* felony offense. Rule 609(a)(2) specifically designates the nature of offenses within its scope - it extends to any crime "involv[ing] dishonesty or false statement, regardless of the punishment." By contrast, Rule 609(a)(1) does not identify the factual nature of any offense – it classifies by the potential

8

legal sanction ("death or imprisonment in excess of one year"). Congress' evident concern was ensuring that the jury learned of the fact of the witness's commission of a serious offense, not its description or nature.

### Crimes of Theft

"[M]ost courts have generally not considered the mere act of taking another's property as a crime of dishonesty." Joseph McLaughlin, Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence § 609.04 at 609-26 (2002) (collecting cases). To the extent that the defendant will argue that crimes involving theft or burglary are deceptive because they may involve sneaking past security personnel, the Court of Appeals has rejected such reasoning. *See United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) (rejecting argument that defendant's cocaine conviction was admissible under Rule 609(a)(2); "[i]f this importation involved nothing more than stealth, the conviction could not be introduced under the second prong" of Rule 609(a)); compare *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998) (larceny crime was *crimen falsi* where underlying facts showed that witness accomplished crime by making false statements on food stamp application). Thus, unless counsel establishes that particular theft convictions involve dishonesty, counsel should likewise be precluded from eliciting the nature of such offenses during cross-examination. *See* Weinstein's Federal Evidence § 609.21 (burden on proponent to establish foundation under Rule 609). Absent any such underlying facts, the district court did not err in declining to conclude that this offense was *crimen falsi*. *See, e.g., United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) (burglary and grand theft are not per se crimes of dishonesty).

9

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant the government's motion in limine.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345

STEPHEN REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT19105

## CERTIFICATE OF SERVICE

This is to certify that on December 5, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

Francis O'Reilly, Esq.
O'Reilly and Shaw
2 Sherman Court
Fairfield, CT 06430

Alex Hernandez