UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO.: 3:03CR264(AHN) |
| | : |
| JORGE ORLANDO ARDILA | : December 7, 2004 |

**GOVERNMENT'S TRIAL MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE THE IMPEACHMENT OF WITNESSES WITH UNSWORN REPORTS OF INTERVIEW**

Counsel for the defendant has attempted to impeach the government's witnesses through the use of FBI reports of interview which were prepared during the investigation of this case. The government objects to this practice where, as here, the government's witnesses have not read the reports, adopted them, or sworn to their contents.

It is well-settled in this Circuit that a witness may not be cross-examined concerning statements contained in a law enforcement report of interview unless the witness has adopted the statements contained therein. A third party's characterization of a witness's statement may constitute a prior statement of the witness. The witness, however, must have "subscribed to that characterization." United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992). See also, United States v. Schoenborn, 4 F.3d 1424, 1426-29 & n. 3 (7th Cir.1993) (witness

1

did not adopt FBI agent's report of interview where witness refused to sign report after reviewing it).

Counsel for the defendant may argue that the reports of interview are somehow admissible as statements of the law enforcement officer who prepared the report. This claim is equally unavailing. For example, in United States v. Scotti, 47 F.3d 1237 (2d Cir. 1995), the Court held that unless an FBI agent has signed, adopted, vouched for or intended to be accountable for contents of notes, rough notes taken in witness interview could not be considered agent's statement, for purposes of rule mandating the production of statements. Nor did the notes qualify as the agent's "statements" under subsections of the Jenks Act relating to the production of substantial verbatim recital of oral statements of the witness or statements made by the witness to a grand jury. Fed.Rules Cr.Proc.Rule 26.2(f)(1-3). Id.

                                      Respectfully submitted,

                                      KEVIN J. O'CONNOR
                                      UNITED STATES ATTORNEY

                                      ALEX HERNANDEZ
                                      ASSISTANT UNITED STATES ATTORNEY
                                      FEDERAL BAR NO. CT08345

                                      STEPHEN REYNOLDS
                                      ASSISTANT UNITED STATES ATTORNEY
                                      FEDERAL BAR NO. CT19105

CERTIFICATE OF SERVICE

This is to certify that on December 7, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

Francis O'Reilly, Esq.
O'Reilly and Shaw
2 Sherman Court
Fairfield, CT 06430

_____
Alex Hernandez