UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District
District of Connecticut
FILED AT BRIDGE...
12/9/04
Kevin F. Rowe, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO.: 3:03CR264(AHN) |
| | : | |
| | : | |
| JORGE ORLANDO ARDILA | : | December 8, 2004 |

## GOVERNMENT'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR A RULING, IN LIMINE,
## CONCERNING THE ADMISSIBILITY OF BACKGROUND EVIDENCE

Defendant Jorge Orlando Ardila is charged in Counts One and Two of a superseding

indictment, respectively, with Conspiracy to Possess with Intent to Distribute 500 grams or more

of Cocaine, and Conspiracy to Possess with Intent to Distribute 1,000 grams or more of Heroin,

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

The government has provided counsel for the defendant with a copy of the FBI report of

interview of cooperating witness Juan Rosario, a.k.a. "Maneco," in which it states that according

to him, he was introduced to the defendant years before the time period charged in Counts One

and Two of the superseding indictment. During the course of that relationship, he learned that

the defendant was providing narcotics to a number of drug traffickers in Bridgeport. Later, the

defendant recruited him to work for the defendant in the transportation and distribution of

narcotics. Thus, the witness is prepared to testify to criminal acts related to narcotics trafficking

activity which predates the conspiracy. Although counsel for the defendant has not sought to

1

exclude the testimony, the government submits this memorandum in support of a motion for a ruling, in limine, regarding the admissibility of the foregoing evidence.

## Background, Nature and Existence of the Conspiracy

To obtain a conviction on a charge of conspiracy the Government must present evidence from which it can reasonably be inferred that the conspiracy alleged in the indictment existed and that the defendant knowingly joined and participated in it. See United States v. Shabani, 513 U.S. 10 (1994); United States v. Giraldo, 80 F.3d 667, 673 (2d Cir.), cert. denied, 117 S. Ct. 135 (1996); United States v. Sanchez-Solis, 882 F.2d 693, 696 (2d Cir. 1989).

The participants in a conspiracy need not be fully aware of all the details of the venture so long as they agree on the essential nature of the plan. Moreover, once the existence of a conspiracy has been established, evidence sufficient to link a defendant to it need not be overwhelming. A defendant's knowledge and participation in a conspiracy with the requisite criminal intent may be demonstrated entirely by circumstantial evidence. United States v. Atehortva, 17 F.3d 546, 550 (2d Cir. 1994).

When considering the elements of a narcotics conspiracy, the Supreme Court observed that "the criminal agreement itself is the actus reus." Shabani, 513 U.S. at 16; see Iannelli v. United States, 420 U.S. 770, 777 (1975)("conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act"). The Second Circuit expressed this principle as follows:

> Conspiracy is a crime that is separate and distinct from the substantive offense that is the object of the conspiracy. Because it is the conspiratorial agreement itself that is prohibited, the illegality does not depend on the actual achievement of the co-conspirators' goal. Thus a defendant may be convicted of the crime of conspiracy even if the substantive offense was not actually committed. . . .

2

United States v. Rosa, 17 F.3d 1531, 1534 (2d Cir. 1994) (citations and internal quotation omitted). Moreover, the Government need not establish possession of narcotics to sustain its burden with regard to a conspiracy charge. It is the unlawful agreement that a conspiracy charge proscribes. See Rosa 17 F.3d at 1534.

Here, the Government intends to introduce the testimony of a cooperating witness, Juan Rosario, a.k.a. "Maneco," who has direct knowledge of the charged narcotics trafficking conspiracies. The Government anticipates that the testimony will include descriptions of when and how he met the defendant, and the methods of operation utilized by the organization to import and distribute narcotics, and some of the members of the organization. This evidence constitutes direct evidence of the formation and therefore the existence of an agreement among two or more persons to violate the law. Further, this evidence explains the nature of the relationship between and among the co-conspirators and the witnesses -- including cooperating witness Rosario. This testimony is probative and should, therefore, be admitted.

The fact that the defendant and witnesses met while the defendant was importing, transporting, and distributing heroin with the witness and with other persons known to the witness constitutes evidence that is "inextricably interwoven" with the evidence the witness will offer concerning when and how the conspiracy began. This testimony is also essential to demonstrate the level of trust and the nature of the relationship between Rosario and the defendant and among the members and associates of the conspiracy.

The evidence is entirely appropriate as it provides the jury with a context for the witness's testimony. Moreover, the bulk of the evidence which the Government is seeking to introduce involves criminal activity of the defendant and the witness which falls within the time period

3

charged in the indictment.  Thus, the Government submits it is properly admissible as both

background evidence and direct evidence of the existence and manner in which the conspiracy

operated.

Furthermore, it is generally held that evidence of acts committed prior to the time period

charged in an indictment is admissible to prove the existence of the conspiracy, and the

knowledge and intent of the participants.  See Heike v. United States, 227 U.S. 131 (1913);

United States v. Enright, 579 F.2d 980 (6th Cir. 1978) (although indictment charged that the

conspiracy began in 1972, proof of acts as early as 1969 was properly admitted to show motive

and intent); Parr v. United States, 255 F.2d 86 (5th Cir. 1958).  Such acts are also admissible to

prove the nature and *modus operandi* of the conspiracy.  Id.  In Heike, Justice Holmes wrote:

> The indictment, of course, charged a conspiracy not barred by the statute of limitations,
> but it was permissible to prove that the course of fraud was entered on long before and
> kept up . . . .  The acts and directions of earlier date tended to show that the same
> conspiracy was on foot.

Heike, 227 U.S. at 145.  In the alternative, the evidence may be admissible pursuant to Federal

Rule of Evidence 404(b).

Here, much of the evidence the Government anticipates eliciting from Rosario falls

within the time period of the conspiracy charged in the indictment.  However, to the extent that

the witness had a narcotics trafficking relationship with the defendant which began prior to the

time period charged in the indictment, that evidence is also admissible as background evidence

for the reasons set forth above.

4

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court grant the government's motion and permit the government to introduce evidence of the nature of the relationship between the defendant and Rosario.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345

STEPHEN REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT19105

## CERTIFICATE OF SERVICE

This is to certify that on December 8, 2004, a copy of the foregoing was provided to the defendant's attorney of record:

Francis O'Reilly, Esq.
O'Reilly and Shaw
2 Sherman Court
Fairfield, CT 06430

Alex Hernandez

5