### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　:　　Crim. No. 3:03CR264(AHN)
　　　　　　　　　　　　　　　　:
JORGE ORLANDO ARDILA,　　　　　:
　　　Defendant.

### JURY INSTRUCTIONS

_____You have heard all of the evidence in the case and the final arguments of counsel.  I shall now instruct you concerning the law applicable to this case.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

## Juror Attentiveness

It is important that you pay close attention to me now while I instruct you on the law.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention now as I instruct you on the law.

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be.

## The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of primary concern to the community.  But it is equally important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to the litigation.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

## Sympathy

Similarly, under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. If you let prejudice, or bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving his guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

<u>Improper Considerations</u>
<u>Race, Religion, National Origin, Sex, or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feeling you may have about the defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence.

It would be equally improper for you to allow any feeling you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

## Conduct of Counsel

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law, and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence, or asked the Court for a ruling on the law, or asked for a side bar conference.

In allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of the evidence.  As I stated before, you the jury are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

When the Court has sustained an objection to a question addressed to a witness, you must disregard the question entirely and draw no inference from the wording of it or speculate what the witness would have said if he or she had been allowed to answer.

<u>Burden of Proof, Reasonable Doubt & Presumption of Innocence</u>

_____I instruct you that you must presume the defendant is
innocent of the crimes charged.  Thus, the defendant, although
accused of crimes in the superseding indictment, begins the trial
with a "clean slate" -- no evidence against him.  The superseding
indictment is not evidence of any kind.  The defendant is, of
course, not on trial for any act or crime not contained in the
superseding indictment.  The law permits nothing but the legal
evidence that has been presented in court, before the jury, to be
considered in support of any charge against the defendant.  The
presumption of innocence alone, therefore, is sufficient to
acquit the defendant.

The burden is always on the prosecution to prove guilt
beyond a reasonable doubt.  This burden never shifts to a
defendant for the simple reason that the law never imposes upon a
defendant in a criminal case the burden or duty of calling any
witness or producing any evidence.  The defendant is not even
obligated to produce any evidence by cross-examining the
witnesses for the government.

At the same time, the government is not required to prove
guilt beyond all possible doubt.  The test is one of reasonable
doubt.  A reasonable doubt is a doubt based upon reason and
common sense -- the kind of doubt that would make a reasonable
person hesitate to act.  Proof beyond a reasonable doubt must,

therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that the defendant committed each and every element of an offense charged in the superseding indictment, you must find the defendant not guilty of that offense.

<u>"Prove" and "Find"</u>
<u>Each Element Must Be Established Beyond Reasonable Doubt</u>

Throughout these instructions to you, I use the word "prove" from time to time, with reference to the government's burden. I also speak of your "finding" various facts as to the elements of the crimes charged in this case.

Throughout my instructions, you should understand that whenever I say that the government has to "prove" a fact to you, I mean that it has to prove that fact to you beyond a reasonable doubt, as I just explained that term to you.

You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat these exact words.

Similarly, when I say that you must "find" a fact in order to return a guilty verdict, you must find that fact to have been proved by the government beyond a reasonable doubt, even if I simply use the word "find."

<u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

What the lawyers have said in their closing arguments, in their objections, or in their questions, is not evidence.  It is the answers that a witness gives which is evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the Court is also not evidence and may not be considered by you in rendering your verdict.  Further, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I may have given with respect to that evidence.

Arguments and statements of lawyers are not evidence because the lawyers are not witnesses.  What they have said to you in their summations is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from a lawyer's statements, it is your recollection

11

that controls.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which have been marked only for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court.

In addition, materials brought forth only to refresh a witness's recollection are not evidence.

Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in deciding whether the defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard, or observed.  In other words, when a witness testifies about what is known to him or her of the witness's own knowledge by virtue of his own senses -- what he sees, feels, touches, or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an

13

established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  Generally, the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

## Inference Defined (Presumptions)

I just used the term "inference," and you now are being asked to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  Thus, you may draw such reasonable inferences from the facts as you find to be justified in light of your experience.

<u>"Knowingly" Defined</u>

In order to sustain its burden of proof, the government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proved by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

<u>Using Motive For Intent</u>

Proof of motive is not a necessary element of the crimes with which the defendant is charged.

Proof of motive does not establish guilt, nor does want of proof of motive establish that the defendant is innocent.

If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive was shown; but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of the defendant.

## Guilty Knowledge From Clandestine Behavior

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

<u>Consciouness of Guilt From Use of False Name</u>

_____There has been evidence that the defendant may have used a false name.  If you find that the defendant knowingly used a name other than his own in order to conceal his identity and to avoid identification, you may, but are not required to, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crimes for which he is charged.  Whether or not evidence of the use of a false name shows that the defendant believed he was guilty and the significance, if any, to be attached to that evidence are matters for you to determine.

## Stipulations

You were told that the government and the defendant agreed or stipulated to certain facts.  A stipulation of facts is an agreement among the parties that they both accept those facts. There is no need for evidence by either side on these points. You must accept the stipulations as facts that have been conclusively proved, even though nothing more was said about them one way or the other.  The fact that the government and the defendant stipulated to or agreed to certain facts should not be viewed by you as an admission of criminal wrongdoing as to the particular crimes charged in the superseding indictment here.

You also heard that the parties stipulated to testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

## Recordings

The government has offered evidence in the form of consensually monitored and recorded conversations.  The recordings were procured by government agents.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use recordings in this case.

<u>Transcripts</u>

The government was permitted to hand out a binder of typed documents which it prepared containing the government's interpretation of what transpires in the recordings that were received into evidence.  The text of those recordings also appeared on the courtroom video screens.  Both the binder and the video text were provided as an aid or guide to assist you in listening to the recordings and have been admitted as direct evidence of the contents of those recordings.

In the this case, the recordings that you heard were in Spanish and therefore you likely had to rely on the typed translation that appeared on the video screens and in the binders.

## Particular Investigative Techniques Not Required

_____You have heard reference, in the arguments of defense

counsel in this case, to the fact that certain investigative

techniques were not used by the government.  There is no legal

requirement, however, that the government prove its case through

any particular means.  While you are to carefully consider the

evidence adduced by the government, you are not to speculate as

to why they used the techniques they did, or why they did not use

other tecnniques.  The government is not on trial.  Law

enforcement techniques are of no consequence to your

determinations here.

Instead, your concern is to determine whether or not, based

on all of the evidence, the defendant's guilt has been proved

beyond a reasonable doubt.

## Admission of Defendant

_____There has been evidence that after being arrested the defendant made certain statements in which, according to the government, he admitted to certain allegations charged in the superseding indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

## Acts and Declarations of Co-Conspirators

Evidence has been received in this case that persons who are alleged to be co-conspirators have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Evidence of those acts and statements may be considered by you in determining whether or not the government has proved the charges in Counts One and Two of the superseding indictment, the details of which I will explain to you a little later.

Because a co-conspirator may have performed certain actions or made certain statements outside the presence of the defendant, and perhaps even without the defendant's knowledge, such acts or statements should be examined with particular care before attributing them to the defendant -- who did not do the particular act or make the particular statement.

Acts performed or statements made by an alleged co-conspirator before a defendant joined an ongoing conspiracy may also be considered by you in determining whether the government has sustained its burden of proof in Counts One and Two of the superseding indictment.  However, acts performed or statements made before an alleged conspiracy began or after an alleged conspiracy ended cannot be attributed to the defendant and may not play a part in your determination of his possible guilt.

### Indictment Is Not Evidence

I remind you that an indictment itself is not evidence.  It merely describes the charges made against the defendant.  It is an accusation, a document that initiates court proceedings and advises a person accused of a crime of the nature of the charges against him.  It may not be considered by you as any evidence of the guilt of the defendant, nor may you infer that the defendant might be guilty simply because the government filed an indictment in court.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt on any of the Counts charged in the superseding indictment, you may consider only the evidence introduced or lack of evidence against him.  The only offense you may consider as to the defendant is the specific offense that you are considering in the superseding indictment against him.  If you are not convinced beyond a reasonable doubt that the government has proven that the defendant committed every element of the charged offense in a particular count, you must find him not guilty on that count, even if you believe he may have committed another or different offense.

I remind you that the government has the burden of proving, beyond a reasonable doubt, each element of a crime.  In your deliberations, you must analyze each crime charged, element by

element, and you may not find the defendant guilty unless the government proves each element beyond a reasonable doubt.

<u>Consider Only the Charges in the Superseding Indictment</u>

The defendant is not charged with committing any crimes other than the offenses contained in the superseding indictment. You have heard evidence of other conduct allegedly committed by the defendant, and other proceedings involving the defendant. I instruct you that such evidence, if believed, may be considered solely by you for the limited purpose of explaining the background of this case; the background of the relationships among the various persons discussed in the trial testimony; in considering whether the defendant acted with the requisite state of mind or intent as to the crimes charged; with regard to opportunity, plan, knowledge, or identity; as potential rebuttal of evidence elicited by the defendant; or with regard to motive, which, I remind you, is not an element of any of the crimes with which the defendant is charged, but is something that you may consider in your determination of the intent of the defendant.

Again, any evidence of other acts allegedly committed by the defendant are to be considered by you only for these purposes and for whatever value, if any, you deem appropriate for those purposes. But I want to emphasize that you are not to consider evidence of other uncharged acts for the purpose of determining the defendant's guilt as to the charges contained in the superseding indictment. Your verdict must reflect only those charges.

<u>Witness Credibility -- General Instruction</u>

You have had an opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  As I have said, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the Counts in the superseding indictment, in the face of the very different pictures painted by the government and the defense.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive, or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the

witness's testimony contradictory?  Did the witness appear to
know what he or she was talking about and did the witness strike
you as someone who was trying to report his or her knowledge
accurately?

How much you choose to believe a witness may be influenced
by the witness's bias.  Does the witness have a relationship with
the government or the defendant which may affect how he or she
testified?  Does the witness have some incentive, loyalty or
motive that might cause him or her to shade the truth; or, does
the witness have some bias, prejudice or hostility that may have
caused the witness -- consciously or not -- to give you something
other than a completely accurate account of the facts he or she
testified to?

Even if the witness was impartial, you should consider
whether the witness had an opportunity to observe the facts he or
she testified about and you should also consider the witness's
ability to express himself or herself.  Ask yourselves whether
the witness's recollection of the facts stand up in light of all
other evidence.

You must decide what is the most accurate, credible,
trustworthy, reliable evidence.  The weight of the evidence as to
a particular fact is not necessarily determined by the number of
witnesses or exhibits, or by which party produced the most
witnesses or exhibits.  It is the quality of the evidence that

30

supports a finding as to a particular fact that should control, whether that evidence comes from a single source or many sources. Thus, the number of witnesses who support a particular fact are not necessarily controlling.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case. Just as you would in any important matter where you are trying to decide if a person is truthful, determine whether the witness was straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that to use your common sense, your good judgment, and your experience.

<u>Number of Witnesses</u>

As I just mentioned, the fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of that side. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

You should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

<u>Defendant's Right Not to Testify</u>

The defendant did not testify in this case.  Under our constitution, he has no obligation to testify or to present any other evidence because it is the government's burden to prove him guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against him in any way in your deliberations in the jury room.

## Witness Testimony -- Eyewitness Identification

You have heard the testimony of certain witnesses who identified the defendant at one time or another.  An identification is an expression of belief on the part of the witness.  Its value depends on the opportunity the witness had to make an observation and later to make a reliable identification of the defendant.

You, the jury, must of course carefully scrutinize any identification testimony.  You have heard the arguments of counsel on this subject and I am not going to repeat them here. I will only suggest to you that in determining the reliability of an identification, you should specifically consider all the factors.  For example, did the witness have the ability to see the person he or she now claims was the defendant?  Has the witness's identification of the defendant been influenced in any way?  Has the defendant's identification been unfairly suggested by events that have occurred since the time of the offense?  Did the witness's recollection seem accurate to you?  Has the witness failed to identify the defendant on any prior occasion?

You should also consider how much time has elapsed between the observation and the identification.  Remember, you should consider the credibility of an identification witness just as you would any other witness.

Impeachment by Felony Conviction -- Non-Defendant

You have heard the testimony of witnesses who were or may be convicted of crimes, punishable by more than one year in jail, and that might have involved dishonesty or false statements. These prior convictions were put into evidence for you to consider in evaluating the witness's credibility. You may consider the fact that the witness who testified is a convicted felon for the limited purpose of deciding how much of their testimony to accept and what weight, if any, it should be given.

## Witness's Plea and Cooperation Agreements

There has been testimony from government witnesses who have pleaded guilty after entering into agreements with the government to testify.  The government promised to bring the witness's cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of agreement.  I instruct you that there is nothing improper in the government's use of cooperating witnesses.  You should not concern yourselves with how you personally feel about the use of such individuals, because that is really beside the point.  Put another way, your task is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of cooperating witnesses.

You, in turn, may accept the testimony of such witnesses and convict a defendant on the basis of this testimony, if it convinces you of the defendant's guilt beyond a reasonable doubt.

Copies of some of the relevant agreements have been offered as evidence.  The agreements are largely self—explanatory and I will not attempt to summarize them for you.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than an ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence, by giving

testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine such testimony with caution and weigh it with great care.  If, after scrutinizing this testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You have also heard testimony and argument about the nature and effect of the plea and cooperation agreements.  That testimony and argument, in large measure, concerned the witness's motivation to testify and his understanding of the agreements.  Your sole concern, however, is to evaluate the witness's credibility, a matter on which I have just instructed you.

A witness's decision to plead guilty is a personal choice about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

## Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## Uncontradicted Testimony

You are not required to accept testimony from any witness even if the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in the criminal activities charged in the superseding indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or, did they believe that their interests would be best served by testifying truthfully?  If you believe that an accomplice was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

## Witness Using or Addicted to Drugs

There has been evidence introduced at trial that the government called as a witness a person who was using drugs when the events he observed took place or who may now be using drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. The testimony of a witness who was using drugs at the time of the events he is testifying about, or who was using drugs when he testified, may be less believable because of the effect the drugs may have had on his ability to perceive or relate the events in question.

If you decide to accept such testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

## Use of Informants

You also heard the testimony from individuals who were utilized by the government in an undercover or informant capacity to investigate the defendant.

There is nothing improper or illegal with the government using these techniques, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.  Indeed, certain types of evidence would be extremely difficult to detect without the use of individuals acting in an undercover capacity or as informants.

Whether or not you approve of the use of these techniques is not to enter into your deliberations in any way.  If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the superseding indictment, the fact that the government made use of individuals acting in an undercover or informant capacity is irrelevant to your determination.

Law Enforcement Witness

You have also heard the testimony of law enforcement officials. Bear in mind, however, that the fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight than that of an ordinary witness.

An officer who takes the witness stand subjects his or her testimony to the same scrutiny as any other witness. You should not believe a law enforcement witness merely because he or she is a law enforcement officer. You should weigh and balance the witness's demeanor on the stand, his or her manner of testifying, and the substance of his or her testimony just as carefully as you do the testimony of all other witnesses.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

As with all testimony, it is up to you, after reviewing all the evidence, to accord the testimony of a law enforcement official whatever weight, if any, you find it deserves.

## Testimony of Expert Witnesses

During the trial you heard the testimony of persons described as expert witnesses.  A person's training and experience may make him or her an expert in a particular field.  The law allows that person to state an opinion here about matters in the field of his or her expertise.  Merely because an expert witness has expressed an opinion does not mean, however, that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether you believe an expert's testimony and choose to rely on it.  Part of the decision will depend on your judgment about whether the expert's background or training and experience is sufficient for him or her to give the expert opinion that you heard.  You must also decide whether his or her opinions were based on sound reasons, judgment, and information.

## Multiple Count Indictment and the Statute

With these preliminary instructions in mind, I will now turn to the charges against the defendant as contained in the superseding indictment.  The superseding indictment charges the defendant with (1) conspiracy to possess with intent to distribute heroin and cocaine; (2) possession with intent to distribute and distribution of heroin; and, (3) aiding and abetting the possession with intent to distribute and distribution of heroin.

The defendant is not on trial for any act or conduct that is not alleged in the superseding indictment.  Only the Counts in the superseding indictment are being charged against the defendant.  You may consider only those counts and the evidence related to them, and return a verdict of guilty or not guilty, based on those counts alone.

I will first instruct you on the conspiracy acts charged in Counts One and Two and then on the instances of narcotics possession charged in Counts Three, Four, Five, and Six.

## "On or About" -- Defined

The superseding indictment charges that the offenses were committed "on or about" certain dates.  The government does not have to prove that a crime was committed on an exact date so long as the government proves beyond a reasonable doubt that the alleged crime was committed on a date reasonably near the time specified in the superseding indictment.

47

<u>Counts One and Two -- Conspiracy to Possess With Intent to
Distribute and to Distribute Narcotics</u>

Count One of the superseding indictment charges the
defendant of conspiring to possess with intent to distribute and
to distribute cocaine.  Count Two of the superseding indictment
charges him with conspiring to possess with intent to distribute
and to distribute heroin.  The superseding indictment reads as
follows:

[Read Counts One and Two from the Indictment]

The relevant statutes are Title 21, United States Code,
Sections 841(a)(1) and 846.

<u>Section 841(a)(1) provides</u>:

It shall be unlawful for any person knowingly or
intentionally to manufacture, distribute, or
dispense, or possess with intent to manufacture,
distribute, or dispense, a controlled substance.

<u>Section 846 provides</u>:

Any person who attempts or conspires to commit any
offense defined in this subchapter shall be subject
to the same penalties as those prescribed for the
offense, the commission of which was the object of
the attempt or conspiracy.

<u>Elements of the Offense Charged In Counts One and Two</u>
<u>(Conspiracy to Possess Narcotics)</u>

In order to prove the charges against the defendant in Counts One and Two of the superceding indictment, the government must establish beyond a reasonable doubt both of the following essential elements:

<u>First</u>, that at some point during the period of time charged in the superseding indictment, there existed an agreement between two or more persons to possess with intent to distribute narcotics;

<u>Second</u>, that at some time during the existence of the conspiracy, the defendant knowingly and voluntarily and willfully joined the agreement and did so with the intention of furthering an objective of the conspiracy.

## First Element -- Existence of an Agreement

The first element which the government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in the superseding indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to

be participants in the conspiracy as proof that a common design
existed on the part of the defendant to act together with those
participants to accomplish an unlawful purpose.

## Second Element -- Membership in the Conspiracy

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member or joined the conspiracy.

If you are satisfied that the conspiracy charged in the superseding indictment existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate, worker, supervisor or organizer?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the superseding indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he

52

knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An

equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of a charged conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful scheme is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged,

advised or assisted in it for the purpose of furthering the illegal activity charged in the superseding indictment.  He thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

## Multiple Conspiracies

_____In this case, the defendant contends that the government's proof fails to show the existence of only one overall conspiracy. Rather, he claims that there were actually several separate and independent conspiracies with various group members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine.

As I explained to you, when two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve a distinct purposes.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purposes charged in the superseding indictment.  The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the superseding indictment did not exist, you cannot find the

defendant guilty of any conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in the superseding indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the superseding indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the superseding indictment existed. If it did, then you must determine the nature of the conspiracy, that is, whether it existed as a single conspiracy or multiple conspiracies, and whether the defendant was a member.

<u>Counts Three, Four, Five and Six --</u>
<u>Possession with Intent to Distribute and Distribution of Heroin</u>

I will now instruct you on the instances of heroin possession charged in Counts Three, Four, Five, and Six of the superseding indictment.

<u>Counts Three, Four, Five, and Six -- Possession with Intent to
Distribute and Distribution of Heroin</u>

Counts Three, Four, Five, and Six of the superseding
indictment charge the defendant with knowing and intentional
possession with intent to distribute and with the distribution of
an unspecified amount of heroin on or about specific dates.  The
superseding indictment reads as follows:


[Read Counts Three, Four, Five, and Six from the Indictment]


The relevant statute is Title 21, United States Code,
Section 841(a)(1).


<u>Section 841(a)(1) provides</u>:

It shall be unlawful for any person knowingly or

intentionally to manufacture, distribute, or

dispense, or possess with intent to manufacture,

distribute, or dispense, a controlled substance.

<u>Elements of the Offense Charged In</u>
<u>Counts Three, Four, Five, and Six --</u>
<u>Possession with Intent to Distribute and Distribution of Heroin</u>

In order to prove the charges against the defendant for Counts Three, Four, Five and Six of the superceding indictment, the government must establish beyond a reasonable doubt each of the following three elements:

<u>First</u>, that the defendant possessed the narcotic drug charged in the particular count;

<u>Second</u>, that the defendant knew he possessed the narcotic drug charged in the particular count; and,

<u>Third</u>, that the defendant either actually distributed the drug or intended to distribute the drug charged in the particular count.

<u>First Element -- Possession of Narcotics</u>

The first element the government must prove beyond a reasonable doubt is that the defendant possessed heroin on or about the dates charged.

To establish this element, the government must prove that the substance or mixture that the defendant is charged with possessing or distributing is, in fact, heroin.  The government may prove this through either direct evidence or through circumstantial evidence.  An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material.  Circumstantial evidence would be evidence from which you infer that the material was heroin, such as testimony concerning the names used by the defendant to refer to the substance or mixture, or testimony about the substance or mixture's appearance.  Whether the government relies on direct or circumstantial evidence to prove that the material in issue was heroin, it must prove so beyond a reasonable doubt.

### Definition of Possession

As I have instructed you, the government must prove beyond a reasonable doubt that the defendant "possessed" the drugs.  The legal concept of possession may differ from the everyday usage of this term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object.  For example, if you find that the defendant had the drugs on his person, you may find that he had possession of the drugs.  However, a person need not have actual physical custody of an object in order to be in legal possession of it.  If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.  An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank.  Although the person does not have physical custody of those items, he exercises substantial control over them and so has legal possession of them.

The law also recognizes that possession may be sole or

joint.  If one person alone possesses something, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the drugs.  This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the drugs under this element even if he possessed the drugs jointly with someone else.

Possession of drugs cannot be found solely on the ground that the defendant was near or close to the drugs.  Nor can it be found simply because he was present at a scene where drugs were involved, or solely because the defendant associated with a person who did control the drugs or the property where they were found.  However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the defendant possessed the drugs.

<u>Second Element –– Knowledge That the Drugs Were Narcotics</u>

The second element the government must prove beyond a reasonable doubt is that the defendant knew that he possessed narcotics.

To establish this element, the government must prove that the defendant knew that he possessed narcotics, and that his possession was not due to carelessness, negligence or mistake. If you find that the defendant did not know that he had narcotics in his possession, or that he didn't know that what he possessed was, in fact, narcotics, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed narcotics, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession.  It is enough that the government proves that the defendant knew that he possessed some kind of narcotic.

<u>Method of Proving Knowledge</u>

_____Your decision whether the defendant knew the materials he possessed were narcotics involves a decision about the defendant's state of mind. It is obviously impossible to prove directly the operation of the defendant's state of mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what his state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely, in part, on circumstantial evidence in determining the defendant's state of mind.

For example, if the defendant was the sole occupant of a residence or a vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. The defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which

authorities identified drugs may indicate that the defendant knew that the materials in question were narcotics.  Also, the possession of a large quantity of drugs may indicate that the defendant knew what he had in his possession.  These examples are neither exhaustive nor conclusive.  It is up you, based on all the evidence, to determine whether the defendant knew what he possessed was narcotics.

<u>Third Element -- Distribution or Intent to Distribute</u>

The third element the government must prove beyond a reasonable doubt is that the defendant either (a) distributed the narcotics or (b) intended to distribute them.  In order to prove the defendant is guilty of this, the government must prove one of these circumstances beyond a reasonable doubt.  It need not prove both.

<u>Definition of Distribution</u>

The word "distribute" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

## Intent to Distribute

As an alternative to proving that the defendant actually distributed the drugs, to satisfy the third element the government may prove that the defendant possessed narcotics with the intent to distribute them.  To prove the third element in this way, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind or purpose to transfer them to another person.

The same considerations that apply to your determination as to whether the defendant knew that he possessed narcotics apply to your decision concerning the defendant's intention to distribute narcotics.  Since you cannot read the defendant's mind, you must make inferences from his behavior.  However, you may not convict him unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the narcotics.

69

Counts Four and Six
Aiding and Abetting the Possession with Intent to Distribute and
Distribution of Heroin

Counts Four and Six of the superseding indictment also charge the defendant with aiding and abetting the possession with intent to distribute and the distribution of heroin.

The aiding and abetting statute, Title 18, United States Code, Section 2(a) provides:

> Whoever commits an offense against the United
> States or aids, abets, counsels, commands, induces
> or procures its commission, is punishable as a
> principal.

Aiding and Abetting -- Elements of the Crime

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts if no crime was committed by the other person in the first place. If you find that a crime was committed, then you must consider

whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crimes with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he associate himself with the criminal venture knowingly

and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

If, on the other hand, your answers to this series of questions are "no," then the defendant is not an aider and abettor, and you must find him not guilty of that charge.

<u>Quantity of Narcotics Involved In</u>
<u>Conspiracy Counts One and Two</u>

If you find that the government has not proved beyond a reasonable doubt both of the elements for conspiracy that I described to you, then a verdict of "not guilty" should be returned as to that count or counts.  If, on the other hand, you find that the government has sustained its burden of proof on both those elements, then you must return a guilty verdict as to the count under consideration, i.e., on either Count One or Count Two, or both.

Should you find the defendant guilty on either or both of those Counts, you must make additional determinations regarding the quantity of narcotics involved.  I have prepared a special verdict form which contains questions that will assist you in making your determinations, including quantity.  As you will see in the verdict form, you must determine both whether the

conspiracy charged in Count One of the superseding indictment involved one of the listed quantities of cocaine as well as whether such quantity was "reasonably foreseeable" to the defendant and was part of his agreement. The verdict form lists varying amount of narcotics that you may find were involved. You will have to make the same determination with respect to Count Two.

You may consider that a quantity of narcotics was "reasonably foreseeable" to a defendant and part of his agreement if the defendant knew, or should have known, that such a quantity was involved in the conspiracy and the he agreed that such an amount would be distributed either by himself, or in concert with others. When determining the quantity of narcotics that was "reasonably foreseeable" to the defendant and part of his agreement, it is proper to consider the amount of narcotics involved in the overall conspiracy, so long as the defendant knew or reasonably should have known what those quantities were, and if the defendant agreed that those amounts would be distributed.

I should point out that in order to find that the government met its burden as to this element, it is not required that you find the defendant had knowledge of the exact quantity of narcotics involved in either Counts One or Two so long as you determine both that the defendant knew or could have foreseen the quantity involved in the overall conspiracy and that the

distribution of such quantities was part of the defendant's agreement.

In determining this issue, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.


When making your determination about the quantity of narcotics involved in Counts One and Two -- as with the elements of those offenses -- you must reach a unanimous decision. Likewise, the government must prove beyond a reasonable doubt that it was foreseeable to the defendant, and part of his agreement, that the conspiracy involved the particular quantity of narcotics.

<u>Leadership Role</u>

_____The government also alleges that in committing the offenses charged in Counts One, Two, Three, Four, Five, and Six of the superseding indictment the defendant was either an organizer or leader or a manager or supervisor of the criminal activities charged and that such activities involved five or more participants or was otherwise extensive.

In order to prove that the defendant was either an organizer or leader or a manager or supervisor, the government must establish beyond a reasonable doubt each the following three elements:

<u>First</u>, that the defendant committed a narcotics offense;

<u>Second</u>, that the defendant committed the narcotics offense or offenses in concert with five or more persons or that it was

otherwise extensive; and,

<u>Third</u>, that the defendant was either a leader or organizer or a supervisor or manager.

<u>First Element -- Finding of a Narcotics Offense</u>

In order for the government to prove that the defendant acted as organizer or leader of the criminal activity charged, it must first prove, beyond a reasonable doubt, that the defendant committed a narcotics offense.  That is, you must find the defendant guilty of at least one of the charges in Counts One through Six of the superseding indictment.  Unless you find the defendant guilty of one of those Counts, the requirements of which I have already described to you, you cannot consider whether the defendant had a leadership role.

<u>Second Element -- Five or More Persons</u>

The second element which the government must prove beyond a reasonable doubt is that the defendant committed the narcotics offense or offenses in concert with one or more persons or was otherwise extensive.  The other person or persons do not have to be named in the superseding indictment.  They could be others who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

You do not have to find that five or more persons acted together at the same time, or that the defendant personally dealt with them together.  You also do not have to find that the defendant had the same relationship with each, if any, of the other people involved.

78

You may also consider whether the offense was "otherwise extensive" even if you find that it did not involve one or more persons.  In assessing whether an organization is extensive, all persons involved during the course of the entire offense are to be considered.  Thus, for example, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.

Third Element -- Leader or Organizer versus Supervisor or Manager

The third element the government must prove beyond a reasonable doubt is that the defendant occupied the position of leader or organizer, or supervisor or manager, with respect to one or more persons.  In considering whether he occupied such a position, you should give the words "leader, organizer, supervisor, or manager" their ordinary, everyday meanings.

The government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised organizational, supervisory, or managerial responsibilities over another person.  The government need not prove that the defendant

was the single ringleader of the criminal activity or that the same type of superior-subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or controlled.

In evaluating the defendant's role in the criminal activity -- if you find that he had one -- you must distinguish whether the defendant occupied a leadership or organizational role or whether he operated as merely a supervisor or manager.  To make this determination, you should consider whether the defendant exercised decision making authority; the nature of the participation in the commission of the offense; the recruitment of accomplices; the claimed right to a larger share of the fruits of the crime; the degree of participation in planning or organizing the offense; the nature and scope of the illegal activity; the degree of control and authority exercised over others.

With respect to the five or more persons, you should consider evidence that might distinguish the defendant's position from that of an underling.  Did the defendant negotiate large-scale purchases or sales of the narcotics?  Did he make arrangements for transportation or money-washing?  Did he instruct the participants in the transactions?  These inquiries are not conclusive.  They are simply the kinds of questions you should ask yourselves in thinking about the defendant's role in

these activities and his relationship with other persons involved in them.

Of course, you may find that even though the defendant is guilty of one or more of the Counts charged, and that five or more persons took part in such criminal activity or activities with him, the defendant operated as neither a leader or organizer nor as a supervisor or manager but was merely a participant himself.

### Punishment

I have now concluded the instructions relevant to the specific charges in this case.  Before closing I must add two final notes concerning your deliberations.  First, the question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty

beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted of any of the crimes charged, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### Note Taking

_____Second, you were permitted to take notes during the course of the trial, and I noticed that many of you have taken notes. Please keep in mind, however, that your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.

### Conclusion

_____In closing, I remind you that the government, in order to prevail, must prove all of the essential elements beyond a reasonable doubt as I already explained in these instructions. If the government succeeds on a count, your verdict should be guilty for that count; if it fails on a count, your verdict should be not guilty for that count.  In order to return a verdict, it is necessary that each juror agree with and to it. Your verdict, in other words, must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with fellow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration with your fellow jurors, of the evidence in the case.  However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to

change your view simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.

During your deliberations you will have the exhibits with you in the jury room. If you want any of the testimony played back, this can also be done. But, please remember it is not always easy to locate what you might want, so be as specific as possible in requesting portions of the testimony you may want played back.

If, during your deliberations, you should desire to communicate with me, the foreperson of the jury should reduce the message or question to writing, sign it, and then pass the note to the marshal, who will be right outside your door. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can speak to you directly. I caution you however, that in any communication you might send, you should never state or specify your numerical division at the time.

I am sending a copy of the superseding indictment into the jury room for you to have during your deliberations. You may use it to read the crimes which the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

85

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations.

The Clerk will make available to you a form for reporting your verdict. When you have reached a verdict, the foreperson should complete the form, sign it, and note the date of your verdict. When you have reached your verdict, inform the Court through the marshal -- who will be right outside your door -- and you will return to the courtroom where your verdict will be announced. Your verdict will not and should not be announced anywhere else. Please note, there is nothing suggestive about the verdict form -- it is just a way to let you return your verdict.

Now, proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it to you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

The members of the jury may now retire to the jury room.