UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN 26  A 11: 55

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA

v.

JORGE ORLANDO ARDILA, *et al*

DOCKET NO.: 3:03CR264(AHN)

### ORDER EXCLUDING TIME FROM
### COMPUTATION UNDER THE SPEEDY TRIAL ACT

Based upon the comments and suggestions of counsel of record at the October 4, 2004 calendar call, the Court, pursuant to 18 U.S.C. § 3161, makes the following findings:

The district court met with counsel for the government and counsel of record for the defendants on Monday, October 4, 2004, at which time counsel agreed that the time from October 4, 2004, through and including jury selection on November 5, 2004, should be excluded from computation under the Speedy Trial Act.

On September 18, 2003, a grand jury sitting in Hartford, Connecticut returned an indictment against Jorge Orlando Ardila a/k/a "Omar," and on October 29, 2003, the court entered a scheduling order setting jury selection for January 6, 2004.

On or about November 23, 2003, Ardila filed a "Motion to Continue Jury Selection and to Enlarge Time for Filing Pretrial Motions."

On January 6, 2004, a grand jury sitting in Hartford, Connecticut returned a First Superseding Indictment charging an additional defendant, Daniel Caro, and adding counts.

On January 29, 2004, defendant Caro filed a Motion for Extension of Time to file pre-trial motions.

On February 2, 2004, the Court held a calendar call in the matter, at which time the Court rescheduled jury selection for May 6, 2004. On February 5, 2004, the Court also granted Caro's Motion for Extension of Time to file pre-trial motions.

On March 5, 2004, the Court also granted Ardila's motion, ordering that defense motions be filed on or before March 24, 2004 and indicating that jury selection was scheduled for May 6, 2004. In April, jury selection was rescheduled *sua sponte* by the Court for June 2004.

On April 12, 2004, Caro filed a waiver of speedy trial, which the Court endorsed, excluding the time from April 12, 2004 through June 14, 2004. On May 3, 2004, Caro filed another waiver of speedy trial, which the Court also granted, in an endorsement that again excluded the period from April 16, 2004 through June 10, 2004.

Jury selection was thereafter rescheduled by the Court for September 2004 and, on July 13, 2004, Caro filed a Speedy Trial Waiver, which the Court endorsed, excluding the time from June 10, 2004 through and including September 10, 2004. Similarly, on or about July 28, 2004, Ardila filed a Speedy Trial Waiver, requesting that the period from May 4, 2004 through and including September 10, 2004 be excluded. The Court endorsed Ardila's waiver on or about August 3, 2004, ordering that the period from May 4, 2004 through and including September 10, 2004 be excluded.

The September calendar call and jury selection was continued by the Court until October 4, 2004, at which time counsel indicated that they were presently engaged in active discussions to see whether the matter could be resolved and, if not the case would be ready for trial in November 2004. The Court indicated that no further continuances would be granted and that, to

the extent the case cannot be resolved, it was set for a calendar call on November 4, 2004 and jury selection on November 5, 2004.

In that regard, the Court also makes the following findings: (1) the court is satisfied that all counsel are diligently preparing for trial; (2) counsel for defendants Ardila and Caro are presently engaged in plea discussions with their clients and counsel for the United States; and (3) counsel for the government and for defendants Ardila and Caro are working diligently and in good faith to resolve the pending charges.

In light of the active plea discussions between the parties as well as the nature of the Superseding Indictment and the charges contained therein, the Court finds pursuant to 18 U.S.C. § 3161(h)(8)(B) that failure to grant a continuance to November 5, 2005 could result in a miscarriage of justice. The interests of justice in granting the continuance and excluding from computation under the Speedy Trial Act the period of time from September 10, 2004, through and including November 5, 2004 outweigh the interests of the Public, the defendants and the government in proceeding to trial within the time prescribed by the Speedy Trial Act.

Based upon the foregoing, the Court hereby **ORDERS** that the period of time from September 10, 2004, through and including November 5, 2004, shall be excluded from computation under the Speedy Trial Act.

SO ORDERED, this 19 day of October 2004, at Bridgeport, Connecticut.

ALAN H. NEVAS
SENIOR UNITED STATES DISTRICT JUDGE

3