# MANDATE

05-5962-cr
United States v. Ardila

03-cr-264
D. Conn.
Nevas, J.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand and eight.

PRESENT:
> HON. JON O. NEWMAN,
> HON. SONIA SOTOMAYOR,
> HON. ROBERT A. KATZMANN,
> *Circuit Judges.*



United States of America,

        *Appellee,*

      -v.-                            No. 05-5962-cr

Jorge Orlando Ardila, aka Omar, aka The Old Man, aka Cesar Tulio Zuniga-Pacheco, aka Jorge Builis, aka Omar Gonzalez, aka Angel Rivera,

        *Defendant-Appellant.*

ISSUED AS MANDATE:
— June 3, 2008

FOR APPELLEE:                         STEPHEN B. REYNOLDS, Assistant United States
                                      Attorney (William J. Nardini, Assistant United
                                      States Attorney, *of counsel*), *for* Kevin J. O'Connor,
                                      United States Attorney for the District of
                                      Connecticut, Bridgeport, Connecticut.

FOR DEFENDANT-APPELLANT:              FRANCIS L. O'REILLY, O'Reilly & Shaw,
                                      Fairfield, Connecticut.

        UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND
DECREED that the judgment of the district court is AFFIRMED.

        Defendant-appellant Jorge Orlando Ardila appeals from a judgment of conviction,
following a jury trial, entered on October 26, 2005 in the United States District Court for the
District of Connecticut (Nevas, J.). Ardila was convicted of two counts of conspiracy to possess
with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and
21 U.S.C. § 846, and four counts of possessing with intent to distribute and distributing heroin,
in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. He was sentenced
principally to 360 months in prison and five years of supervised release on the first two counts
and 240 months in prison and three years of supervised release on the remaining four counts.
These sentences were ordered to run concurrently. We assume the parties' familiarity with the
underlying facts and procedural history of the case.

        Ardila argues that the district court erred in denying his request, made on the first day of
trial, for either a continuance or a withdrawal of his waiver of the thirty-day period before a trial
may commence pursuant to the Speedy Trial Act. After more than a year following his initial
indictment and arrest, Ardila sought additional time to locate a former roommate to testify that
Ardila had resided in Florida in or around 1980, which Ardila claimed would contradict, and
thereby impeach, two government witnesses. Ardila's trial counsel informed the court that he
was prepared to go to trial and that the request was being made by the defendant.

        Ardila contends that the district court abused its discretion when it denied his request for
a continuance. *See United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir. 1996) ("The disposition
of a request for continuance rests in the discretion of the trial judge and the exercise of that
discretion will not be disturbed unless a clear abuse is shown." (quotation marks omitted)). We
conclude that the district court did not abuse its discretion. First, the testimony Ardila sought to
elicit was only marginally relevant to his defense. *See United States v. Mauro*, 80 F.3d 73, 76-77
(2d Cir. 1996) (concluding that the district court properly exercised its discretion in denying a
request for continuance to obtain testimony of "marginal relevance"). Because the indictment
charged Ardila for events occurring only in 1996 and after, this testimony was at best relevant to
attack the witnesses' memory or credibility about remote background events. Second, Ardila
knew that these witnesses would be testifying months prior to trial, yet he failed to seek a
continuance until the day of trial. Finally, trial counsel informed the court at the time of the

request that he was adequately prepared for trial. *See Morris v. Slappy*, 461 U.S. 1, 12 (1983) ("In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance."). In light of these circumstances, the district court acted well within its discretion to deny the continuance.

Ardila further argues that the district court erred in denying his request to withdraw his waiver of his right, pursuant to the Speedy Trial Act, to a thirty-day period following his "first appearance through counsel" before a trial may commence, *see* 18 U.S.C. § 3161(c)(2). Ardila concedes that he waived the thirty-day period orally and in writing, but argues that the district court should have allowed him to withdraw the waiver. We do not address the reasons for the district court's denial because we conclude that the thirty-day period had already expired, making the waiver irrelevant. *See United States v. Gregg*, 463 F.3d 160, 166 (2d Cir. 2006) ("We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (quotation marks and citation omitted)). The district court was under the misapprehension that the thirty-day window was reset by the second superseding indictment; however, the thirty-day period begins to run after the "first appearance through counsel" and is not reset by a superseding indictment. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985). As a result, the thirty-day period here expired in 2003, well before the trial commenced in December 2004.[1] Therefore, the question of waiver was irrelevant when the district court addressed it.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

---

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by:

Deputy Clerk

---

[1] In addition, Ardila cannot argue that he was prejudiced by the second superseding indictment, which was filed less than thirty days before trial, because that indictment merely added an additional defendant without affecting any of the charges against Ardila.