# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JORGE ORLANDO ARDILA | No. 3:03-cr-00264 (SRU) |

## ORDER

Jorge Orlando Ardila, a prisoner incarcerated at Federal Correctional Institution Allenwood Low in White Deer, Pennsylvania, has written to the court requesting that I suspend his obligation to pay his criminal fine of $25,000. Ardila currently pays $25 per month toward the fine under the Bureau of Prisons' Inmate Financial Responsibility Program. Ardila states that "th[e] fine has become a hardship" because he "receive[s] very little in the way of inmate pay, and any money [he] receive[s] from home is inconsistent." *See* Letter Mot. re Fine, Doc. No. 267, at 1. I construe Ardila's letter as a motion to modify his fine under either 18 U.S.C. § 3572(d)(3) or 18 U.S.C. § 3573. Neither provision empowers me to grant the relief Ardila seeks.

18 U.S.C. § 3572(d)(3) provides that:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

In an earlier ruling on Ardila's petition for a writ of habeas corpus under 28 U.S.C. § 2255, I noted that "section 3572(d)(3) is likely not applicable" to Ardila. *See Ardila v. United States*, 2012 WL 3580298, at *9 n.2 (D. Conn. Aug. 17, 2012). Section 3572(d)(3) "deals with '[a] judgment for a fine which permits payments in installments,'" but "Ardila's fine was ordered

payable immediately, and not in installments." *Id.*; *see* Judgment, Doc. No. 166, at 1 (imposing a fine of "$25,000 due and payable immediately"). Even though Ardila may be "paying his fine[] in increments through the Inmate Financial Responsibility [P]rogram," because the fine "was due and payable immediately," he is "not entitled to relief under section 3572(d)(3)." *See Ardila*, 2012 WL 3580298, at *9 n.2 (internal quotation marks and brackets omitted); *Baez v. United States*, 2007 WL 638198, at *3 (D. Conn. Feb. 23, 2007) ("[B]ecause there is no installment schedule in place for the court to modify, [section] 3572(d)(3) does not apply."); *see also United States v. Rush*, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) ("[T]he amount an inmate must pay under [the Inmate Financial Responsibility Program] is a matter entrusted to the Executive Branch, and '[c]ourts are not authorized to override the [Bureau of Prison's] discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation.'") (quoting *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008)).

18 U.S.C. § 3573 provides that:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—(1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties; (2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or (3) extend a date certain or an installment schedule previously ordered.

That provision also does not avail Ardila. Under a former version of section 3573, "a defendant had the opportunity to petition the district court to modify or remit a fine." *See United States v. Schilling*, 808 F. Supp. 1214, 1218 (E.D. Pa. 1992). Under the current version of the statute, however, "only the government [may] petition for modification or remission of a fine." *United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994), *cited with approval by United States v. Wong*, 40 F.3d 1347, 1383 (2d Cir. 1994); *accord United States v. Linker*, 920 F.2d 1, 2 (7th Cir. 1990) (Section 3573 "applies strictly to the Government, and not to defendants.");

2

*United States v. Martinez*, 281 F. App'x 39, 41 (2d Cir. 2008) (summary order) ("[I]n accordance with 18 U.S.C. § 3573, the sentencing court may not modify the terms and conditions of the fine except '[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective.'"). Because the petition to modify the payment schedule was not filed or joined by the government, "relief is not available to [Ardila] under [section] 3573." *See United States v. Stonner*, 84 F. App'x 141, 142 (2d Cir. 2004) (summary order).

Even were Ardila's payments able to be modified under 18 U.S.C. § 3583(e)(2) upon his commencement of supervised release, "the fine owed by the defendant while incarcerated may not be modified simply because the fine may later be implicated as a condition of supervised release." *See United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011). Therefore, I cannot suspend Ardila's monthly payments toward his fine while he is incarcerated.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of October 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge