UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JORGE ARDILA | No. 3:03-cr-264 (SRU) |

### ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER FIRST STEP ACT (COMPASSIONATE RELEASE)

Jorge Ardila ("Ardila") has moved for a sentence reduction to time served under the First Step Act, based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* First Step Act Motion ("FSA Mot."), Doc. No. 275. The government filed a notice (doc. no. 278) stating that it does not object to the motion on the merits.

Accordingly, for the reasons set forth in the memorandum in support of the motion (doc. no. 275), I **grant** Ardila's motion and reduce his sentence to time served. He shall be immediately released from Bureau of Prisons ("BOP") custody.

**I.      Discussion**

Ardila moves for release under section 3582(c)(1)(A) of Title 18 of the United States Code. As amended by the First Step Act, section 3582(c)(1)(A) authorizes the court to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Therefore, Ardila is entitled to relief if he has (1) fully exhausted his administrative remedies and (2) can demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

In its notice, the government contends that Ardila initially failed to present his request to the BOP as required by statute before filing his FSA motion. *See* Gov't Notice, Doc. No. 278, at 2. In his reply, Ardila states that he submitted his request for compassionate release to the BOP on April 13, 2020. *See* Reply, Doc. No. 279 at 1. On April 15, 2020, the BOP formally denied his request because Ardila has an Immigration and Customs Enforcement "ICE" detainer. *Id.* As a result, Ardila exhausted his administrative remedies and no further remedy is available within the BOP. Therefore, the issue of whether he has exhausted his administrative remedies is moot.

Ardila has also demonstrated that "extraordinary and compelling reasons" warrant a reduction of his sentence. Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have held that a defendant's pre-existing health conditions in combination with the increased risks of COVID-19 in prisons constitute "extraordinary and compelling reasons" warranting relief. *See, e.g., United States v. McCarthy*, 2020 WL 1698732, *5 (D. Conn. Apr. 8, 2020) ("McCarthy is 65 years old and suffers from COPD, asthma, and other lung-related ailments . . . . The defendant's age and medical condition, taken in concert taken in concert with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to reduce McCarthy's sentence.").

As set forth in his motion, Ardila is 71 years old and suffers from diabetes, cardiovascular disease, hypertension, asthma, and obesity. *See* Mem. in Supp. of FSA Mot.,

Doc. No. 275-1, at 1.  Health officials have recognized that individuals with chronic respiratory or cardiovascular disease retain a greater risk of serious illness if they contract COVID-19.  *See id*. at 31–32.  Due to his incarceration, Ardila is unable to properly safeguard against infection.  *Id*.  Therefore, for the reasons set forth in his motion, I conclude that his medical condition and current conditions of confinement constitute extraordinary and compelling reasons to reduce his sentence

## II.     Conclusion

For the foregoing reasons, Ardila's motion (doc. no. 275) is **granted**.  Ardila's sentence is reduced to time served pursuant to section 3582(c)(1)(A) of Title 18 of the United States Code, and he shall be immediately released from BOP custody.  Upon release from BOP custody he shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of May 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge